**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RORY MARKEL FOSTER,**

      **Petitioner,**

      v.                                **CASE NO.  23-3089-JWL**

**GLORIA GEITHER, Warden,**
**Lansing Correctional Facility,**
**et al.,**

      **Respondents.**

**ORDER TO SHOW CAUSE**

      This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Lansing Correctional Facility in Lansing, Kansas. The Court grants Petitioner's motion for leave to proceed *in forma pauperis*.  The Court has examined the record and orders Petitioner to show good cause why his Petition should not be dismissed.

**Background**

      Petitioner is currently in the custody of the Kansas Department of Corrections ("KDOC") serving his state criminal sentence.[1]  Petitioner does not appear to be challenging his state conviction or sentence.  Petitioner marks the box on his Petition indicating that he is challenging a detainer.  (Doc. 1, at 3.)  Petitioner's claims relate to an Immigration and Customs Enforcement ("ICE") detainer lodged with the KDOC.

      Petitioner alleges as Ground One of his Petition that he is being held inconsistent with the Uniform Mandatory Disposition of Detainers Act, §§ 22-4301 to 22-4401, the Immigration and

---

[1]  Petitioner attaches a March 21, 2023 response to his grievance submitted at LCF which informs Petitioner that he "will go into ICE custody if you/when [sic] release from KDOC."  (Doc. 1–1, at 3.)  The Kansas Adult Supervised Population Electronic Repository ("KASPER") shows Petitioner's current status as "Incarcerated" with no earliest possible release date noted.  *See* https://kdocrepository.doc.ks.gov/kasper/search/detail?kdocNumber=92016 (last visited March 31, 2023).

Nationality Act ("INA") § 212(a)(6)(C),[2] and 8 U.S.C. §§ 1182 and 1252(i).[3]  *Id*. at 7.

Petitioner alleges that on November 12, 2009, the ICE/DRO Wichita sub-office sent four illegal detainees identical detainers, but staff at the El Dorado Correctional Facility only submitted three detainers for "final disposition of detainer" and excluded Petitioner's.  *Id*. at 3.  Petitioner claims the KDOC is denying him "final disposition of untried indictment/detainer," citing K.S.A. § 22-4301.  *Id*.   Petitioner claims that the KDOC is violating 8 U.S.C. § 1182 and 18 U.S.C. § 242[4] because Petitioner is inadmissible under 8 U.S.C. § 118 and 1252(i).  *Id*. at 1.  Petitioner also alleges that he is being denied his right to a speedy trial.  *Id*.  at 2.

For relief, Petitioner asks this Court to initiate the "final order of removal" on his "past due" detainer and to assign the U.S. Marshals to transport him to the ICE-DRO.  *Id*. at 8.

**Discussion**

 "A state prisoner's challenge to a detainer lodged by a sovereign other than the one currently holding him in custody, whether it be another State or federal authorities, is normally raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241."  *Ikunin v. United States*, No. 13–3072–RDR, 2013 WL 2476712, at *1 (D. Kan. June 7, 2013) (citations omitted).  To obtain habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

An inmate challenging an ICE detainer, however, must be in custody pursuant to the ICE detainer.  *Ikunin*, 2013 WL 2476712, at *1.   "The mere lodging of a detainer by an ICE agent does not constitute custody where no formal deportation proceedings have been commenced and

---

[2]  It is unclear how this section relating to aliens inadmissible based on misrepresentation is relevant to this action seeking to initiate a final order of removal.  *See* INA § 212(a)(6)(C), codified at 8 U.S.C. § 1182(a)(6)(C).

[3]  Section 1152 does not contain a subsection (i).  However, subsection (g) is discussed in the Court's prior order as set forth below.

[4]  This statute deals with the deprivation of rights under color of law and does not provide a private cause of action. *See Houck v. Gurich*, 515 F. App'x 724, 724–25 (10th Cir. 2013) (unpublished) ("18 U.S.C. § 242 does not create a private civil cause of action.") (citations omitted).

no final deportation order has issued, since the detainer may be only a request that KDOC authorities notify ICE prior to [an] inmate's release." *Id.* (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 657 F. Supp. 2d 1218, 1229–30 (D. Colo. 2009), *aff'd* 366 F. App'x 894 (10th Cir. 2010) ("Almost all of the circuit courts considering the issue have determined that the lodging of an immigration detainer, without more, is insufficient to render someone in custody.") (and cases cited therein); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001) (custody requirement satisfied by final deportation order)).

Petitioner has not shown that he is in custody pursuant to an ICE detainer. Petitioner does not allege that he has been ordered removed or that he has appealed any removal order to the Board of Immigration Appeals. *See* Doc. 1, at 5. His Petition suggests that he is in custody serving his state criminal sentence, rather than due to immigration detention or a removal order. In *Herrera v. Milyard*, the court dismissed the petition where petitioner failed to demonstrate that he was in ICE custody. *Herrera v. Milyard*, Civil Action No. 09–cv–00808–BNB, 2009 WL 1806700, at *1 (D. Colo. June 24, 2009). The court stated that:

> Mr. Herrera does not assert, or provide any evidence, that immigration officials have taken any action with respect to his immigration status other than to issue a detainer, nor does he provide any evidence that a final order of deportation has been issued. A detainer only indicates that the [sic] ICE is going to make a decision about the deportability of an alien in the future. The fact that ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement.

*Id.* (citing *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994)); *see also Jaghoori v. United States*, No. 11–3061–SAC, 2011 WL 1336677, at n.4 (D. Kan. April 7, 2011). Because Petitioner has not shown that he is in ICE custody, his Petition is subject to dismissal.

In addition, Petitioner is not entitled to relief under K.S.A. § 22-4401 because the

Interstate Agreement on Detainers ("IAD") does not apply to ICE civil detainers.[5] *Quintero v. Immigration & Customs Enforcement*, Civil Action No. GLR–12–1877, 2012 WL 4518083, at *1 (D. Md. Sept. 27, 2012) (denying request to compel ICE to adjudicate immigration status and stating that "[t]he concept of prosecutorial discretion as applied to immigration enforcement activity such as a decision to place a particular alien in removal proceedings has specifically been reaffirmed by the Supreme Court") (citations omitted). "Immigration deportation proceedings are not criminal proceedings[,]" but rather "are civil in nature and are not conducted by a court of the United States." *Angeles v. INS*, No. 3:10–cv–00640–HDM–RAM, 2010 WL 4791747, at *1 (D. Nev. Nov. 18, 2010) (citing *Argiz v. United States Immigration*, 704 F.2d 384, 387 (7th Cir. 1983)). "Therefore, an immigration charge cannot be classified as an 'untried indictment, information, or complaint' within the meaning of the [Interstate] Agreement [on Detainers]." *Id.* (finding that the Interstate Agreement on Detainers did not apply to immigration detainers and stating that the court does not have authority to grant relief because only the Attorney General of the United States has the authority to remove an alien); *see also Deutsch v. United States*, 943 F. Supp. 276, 279 (W.D. N.Y. 1996) (finding no right to a speedy deportation hearing and that the provisions of the Speedy Trial Act and the Interstate Agreement on

---

[5] The Interstate Agreement on Detainers Act is codified at K.S.A. §§ 22-4401, et seq., and "allows inmates imprisoned in other states or in federal prisons to request the disposition of charges pending against them in Kansas." *State v. Ordway*, 468 P.3d 346 (Table), 2020 WL 4555803, at *3 (Kan. Ct. App. Aug. 7, 2020). Under the agreement, the contracting states agree that:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint.

K.S.A. § 22-4401, Art. III, sub. (a). "State" is defined as "a state of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico." *Id.* at Art. II, sub. (a). The United States entered into the Interstate Agreement on Detainers on its own behalf and on behalf of the District of Columbia. *See* 18 U.S.C. App. 2 § 2.

Detainers do not apply); *Moreno Escobar v. U.S. Dep't of Justice*, No. MISC 05–0048, 2005 WL 1060635, at *1 (E.D. Pa. May 5, 2005) (immigration detainer is neither an indictment nor information nor a complaint and IAD does not apply).

The instant Petition is not Petitioner's first attempt to seek relief in this Court regarding his immigration detainer.  *See Foster v. ICE*, Case No. 10-3148-SAC (D. Kan.); *Foster v. DHS*, Case No. 11-3163-SAC (D. Kan.); and *Foster v. Kansas*, Case No. 11-3176-SAC (D. Kan.).  The Court has previously held that:

> In June of this year, the Kansas Supreme Court affirmed petitioner's Allen County conviction and sentence on charges of first degree murder, aggravated kidnapping, rape, aggravated criminal sodomy, aggravated arson, aggravated battery, and criminal threat. See *State v. Foster*, 290 Kan. 696 (2010). Petitioner filed the instant action seeking his deportation to Jamaica, and submitted a copy of a Notice of Action issued by the United States Department of Homeland Security in November 2009, of an Immigration Detainer lodged against him.[6]
>
> Having reviewed this initial pleading, the court finds this matter is subject to being dismissed because petitioner establishes no basis for this court's jurisdiction.
>
> The lodging of an immigration detainer alone is insufficient to establish that petitioner is in federal custody pursuant to the detainer for purposes of proceeding under habeas corpus. See *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) (an immigration detainer with no corresponding final order of deportation presents "no actual claim to the alien following the completion of his 'contact with the State system], [so there can be] no custody [for purposes of § 2241]").
>
> Also, the decision whether to deport an alien prior to completion of the alien's prison term is a matter solely within the discretion of the United States Attorney General. See 8 U.S.C. § 1231(a). "No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D).
>
> Although "the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of

---

[6] The detainer cites the initiation of an investigation to determine whether petitioner is subject to removal from the United States.

any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony[,] . . . [n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228[](a)(3)(A) and (B). And significantly, "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

Petitioner cites 8 U.S.C. § 1228 which provides for the expedited removal of aliens convicted of committing aggravated felonies, and 8 U.S.C. § 1229(a) which addresses the initiation of removal proceedings, however neither statute confers jurisdiction in this matter.

*Foster v. ICE*, Case No. 10-3148-SAC, Doc. 2, at 2–4 (D. Kan. Dec. 6, 2010); *see also Foster v. DHS*, Case No. 11-3163-SAC, Doc. 4, at 3 (D. Kan. Oct. 25, 2011) (denying mandamus relief and finding that the timing of deportation rests within the discretion of the United States Attorney General while petitioner is serving his state sentence, and that the Court lacks jurisdiction under 8 U.S.C. § 1252(g)); *Foster v. Kansas*, Case No. 11-3176-SAC, Doc. 3 (D. Kan. Oct. 25, 2011) (same).

Petitioner has not alleged that prison officials used a detainer to affect his conditions of confinement.  Regardless, this type of claim must be presented in a civil rights complaint under 42 U.S.C. § 1983 after all administrative remedies have been exhausted.  *Cabrera v. Trammell*, Case No. CIV 11–151–FHS–KEW, 2012 WL 12950484, at *1 (E.D. Okla. Feb. 1, 2012), *aff'd* 488 F. App'x 294 (10th Cir. 2012) ("Regarding petitioner's allegations that prison officials have used the detainer to prevent his transfer to a minimum security facility and otherwise worsen his confinement and sentence, habeas corpus is not the proper means for raising challenges to

conditions of confinement.") (citing *Rael v. Williams*, 233 F.3d 1153, 1154 (10th Cir. 2000), *cert. denied*, 531 U.S. 1083) (2001)).

Petitioner has not indicated that he has fully exhausted available administrative remedies prior to filing suit in federal court.  *See Jaghoori*, 2011 WL 1336677, at *3 (finding that to proceed under § 2241 a petitioner must show exhaustion of available administrative remedies, and petitioner alleged no facts indicating that he had made any effort to remove the detainer through ICE or the prison grievance process).  Petitioner merely references the Unit Team's March 21, 2023 response to his grievance.  Doc. 1, at 3; Doc. 1–1, at 3; *see Ikunin*, 2013 WL 2476712, at *2 (plaintiff failed to show that he took the appropriate steps to contest the detainer or that he challenged it through the prison grievance process).

Petitioner's § 2241 Petition challenging his ICE detainer is subject to dismissal because Petitioner has not shown that he is "in custody" pursuant to the detainer for purposes of § 2241. Petitioner is granted an opportunity to show good cause why his Petition should not be dismissed for the reasons stated in this Order to Show Cause and the Court's prior orders set forth above. Failure to respond by the deadline may result in dismissal of the Petition without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted until **April 28, 2023**, in which to show good cause why the Petition should not be dismissed.

**IT IS SO ORDERED**.

**Dated April 3, 2023, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**