IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RORY MARKEL FOSTER,**

      **Petitioner,**

v.                                        CASE NO. 23-3089-JWL

**GLORIA GEITHER, Warden,**
**Lansing Correctional Facility,**
**et al.,**

      **Respondents.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Petitioner leave to proceed in forma pauperis. The Court examined the record and entered an Order to Show Cause (Doc. 5) ("OSC") directing Petitioner to show good cause why the Petition should not be dismissed for the reasons set forth in the OSC. This matter is before the Court on Petitioner's response (Doc. 6).

Petitioner is currently in the custody of the Kansas Department of Corrections ("KDOC") serving his state criminal sentence.[1] Petitioner does not appear to be challenging his state conviction or sentence. Petitioner marks the box on his Petition indicating that he is challenging a detainer. (Doc. 1, at 3.) Petitioner's claims relate to an Immigration and Customs Enforcement ("ICE") detainer lodged with the KDOC.

Petitioner's response fails to show good cause why his Petition should not be dismissed

---

[1] Petitioner attaches a March 21, 2023 response to his grievance submitted at LCF which informs Petitioner that he "will go into ICE custody if you/when [sic] release from KDOC." (Doc. 1–1, at 3.) The Kansas Adult Supervised Population Electronic Repository ("KASPER") shows Petitioner's current status as "Incarcerated" with no earliest possible release date noted. *See* https://kdocrepository.doc.ks.gov/kasper/search/detail?kdocNumber=92016 (last visited April 20, 2023).

for the reasons set forth in the Court's OSC. Plaintiff alleges various treaty violations and states that he is requesting "Voluntary Departure; final disposition of the detainer; and final order of removal." (Doc. 6, at 1) (internal quotations omitted). Petitioner asserts that, under the various treaties, ICE-DRO and the KDOC should honor their protocols to expeditiously remove Petitioner. *Id*. at 4.

The Court found in the OSC that Petitioner has not shown that he is in custody pursuant to an ICE detainer. Petitioner does not allege that he has been ordered removed or that he has appealed any removal order to the Board of Immigration Appeals. *See* Doc. 1, at 5. His Petition suggests that he is in custody serving his state criminal sentence, rather than due to immigration detention or a removal order. The Court found that because Petitioner has not shown that he is in ICE custody, his Petition is subject to dismissal.

The Court also found that Petitioner is not entitled to relief under K.S.A. § 22-4401 because the Interstate Agreement on Detainers ("IAD") does not apply to ICE civil detainers. The Court also noted that the instant Petition is not Petitioner's first attempt to seek relief in this Court regarding his immigration detainer. *See Foster v. ICE*, Case No. 10-3148-SAC (D. Kan.) (stating no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter, citing 8 U.S.C. § 1252(g)); *Foster v. DHS*, Case No. 11-3163-SAC (D. Kan.) (denying mandamus relief and finding that the timing of deportation rests within the discretion of the United States Attorney General while petitioner is serving his state sentence, and that the Court lacks jurisdiction under 8 U.S.C. § 1252(g)); *Foster v. Kansas*, Case No. 11-3176-SAC, Doc. 3 (D. Kan. Oct. 25, 2011) (same).

Petitioner has failed to demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner has also failed to show good cause why his Petition should not be dismissed for the reasons set forth in the Court's OSC.

**IT IS THEREFORE ORDERED BY THE COURT** that the matter is **dismissed.**

**IT IS SO ORDERED**.

**Dated April 20, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**